# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Kevin Ray Holmes,

        Plaintiff,

vs.

Isidro Baca, et al.,

        Defendants.

Case No. 3:17-cv-00320-RCJ-WGC

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 52) (the Recommendation) entered on July 1, 2020, recommending that the Court grant in part and deny in part Defendants' Motion for Summary Judgment (ECF No. 44). No objection to the Recommendation has been filed. This action was referred to Magistrate Judge Cobb under 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

The Court has considered the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule IB 3-2. The Court accepts and adopts the factual background and the legal standards of the Recommendation. Based on the record, however, the Court finds that Plaintiff fails to state a claim for equal protection based on

1  the existence of a policy of "ethnic balancing" in its hiring process. The Court therefore grants

2  summary judgment in favor of Defendant on this issue and rejects the Recommendation in this

3  respect. The Court adopts and accepts all other aspects of the Recommendation.

4  As Defendant Holly Skulstad (Skulstad) attests, she utilized a policy of "ethnic balancing"

5  in hiring inmates for various employment positions at the institution. (ECF No. 44 Ex. H at ¶ 14.)

6  According to this policy, Skulstad would only replace an employee with another inmate of the

7  same race. (*Id.*) If an inmate were to challenge this policy, a court would employ strict scrutiny to

8  determine whether the policy is constitutional. *Johnson v. California,* 543 U.S. 499, 505 (2005).

9  Here, however, this policy is not at issue. Skulstad suspended the employment of both porter

10 positions in the gym where Plaintiff worked regardless of race. (ECF No. 44 Ex. A.) Plaintiff, an

11 African American, attempted to get his position back. (ECF No. 44 Exs. B and C.) Skulstad instead

12 did not follow the policy as she awarded "both jobs . . . to white inmates" according to Plaintiff's

13 testimony. (ECF No. 8 at 5.) The policy therefore is not a basis for the claim in itself.

14 The Recommendation is otherwise correct; "Plaintiff presents evidence that he had been in

15 the porter position for some time and had a good disciplinary record, and was qualified for the

16 porter position, but was not even submitted to the full classification committee for review." (ECF

17 No. 52 at 13.) This evidence is sufficient that a trier of fact could reasonably determine that

18 Skulstad did not rehire Plaintiff because of his race. The equal protection claim shall proceed in

19 this regard. Additionally, the Court adopts and accepts the conclusion that this claim shall also

20 proceed under the theory that Skulstad "had a practice of segregating inmates in bunks based on

21 their race." (*Id.* at 14.)

22 ///

23 ///

24 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 52) is ADOPTED IN PART and REJECTED IN PART.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment (ECF No. 44) is GRANTED IN PART and DENIED IN PART. The Court grants summary judgment in favor of Defendants as to the retaliation claim and denies summary judgment as to the equal protection claim against Defendant Skulstad.

IT IS FURTHER ORDERED that Plaintiff's request under Rule 56(f), now Rule 56(d), is DENIED.

IT IS SO ORDERED.

Dated September 17, 2020.

_____
ROBERT C. JONES
United States District Judge