UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN RAY HOLMES,<br><br>Plaintiff,<br><br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>Defendants. | Case No.: 3:17-cv-00320-RCJ-WGC<br><br>**ORDER**<br><br>Re: ECF No. 54 |

Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 54).[1] Plaintiff bases his motion on (1) the fact that he has been granted in forma pauperis status and is unable to afford counsel, (2) that the substantive issues and procedural matters in this case are too complex for Plaintiff's comprehension and abilities, and (3) that Plaintiff's incarceration will greatly limit his ability to effectively litigate his case.

Plaintiff further states he "cannot articulate his claims in light of the restrictions due to the Covid-19 pandemic" and "does not possess the ability to locate witnesses, some former inmates

---

[1] This is actually Plaintiff's second request for appointment of counsel. *See*, ECF No. 32, denied on 11/20/19 in ECF No. 35.

and other staff members at the N.D.O.C., nor can he collect evidence while confined to prison." (*Id*. at 7.)

As discussed in this court's prior order denying Plaintiff's motion for appointment of counsel (ECF No. 35), a litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

While any *pro se* inmate such as Mr. Holmes would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015,

2

1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Plaintiff has shown an ability to articulate his claims. (ECF Nos. 1, 6, 8, 10, 30, 32, 33, 42, 48.)

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

Despite Plaintiff's characterization of this action as being complicated, the substantive claim left in this action is not unduly complex. U. S. District Judge Robert C. Jones denied summary judgment as to equal protection claim against Defendant Skulstad. (ECF No. 53 at 3.)

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282

(2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 54).

**IT IS SO ORDERED.**

Dated: October 6, 2020.

*William G. Cobb*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE